UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Plaintiff,

v.

Peter Michael Guevara,

    Defendant.

File No. 21-cr-241-1 (ECT/DTS)

**OPINION AND ORDER**

---

Defendant Peter Michael Guevara has been indicted on one charge of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and one charge of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(1). ECF No. 1. This case is scheduled for trial beginning Tuesday, October 1, 2024. In anticipation of trial, the Government and Mr. Guevara have filed several motions *in limine*. The Government filed nine motions, *see* ECF No. 185, and Mr. Guevara filed three motions, *see* ECF No. 183.

A pretrial conference was held September 27, 2024, at which the Government's motions 1 through 6 and 8, and Mr. Guevara's motions 1 and 3 were resolved, and the Government's motion number 7 was left open pending presentation of evidence at trial. *See* ECF No. 193. This Opinion and Order addresses the remaining motions: the Government's motion number 9 and Mr. Guevara's corresponding motion number 2.

In 2014, Mr. Guevara was convicted in Minnesota state court of possession of pornographic work involving minors in violation of Minn. Stat. § 617.247, subd. 4(a). *See*

*State v. Guevara*, Case No. 71-CR-13-217 (Minn. Dist. Ct. 2014). The Government moves to admit evidence of Mr. Guevara's 2014 conviction under Federal Rules of Evidence 414, 404(b), and 609. ECF No. 185 at 14. The Government also moves to admit evidence of some of the conditions of Mr. Guevara's Intensive Supervised Release ("ISR") resulting from the 2014 conviction as intrinsic evidence. *Id.* Mr. Guevara brings a competing motion seeking to prohibit the Government from introducing evidence of the 2014 conviction. ECF No. 183.

The Government's motion to admit Mr. Guevara's 2014 conviction will be granted under Rule 414, and Mr. Guevara's motion will be denied. "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a). "Child molestation" as used in Rule 414 includes possession and receipt of child pornography. Fed. R. Evid. 414(d)(2)(B); 18 U.S.C. § 2252A(a)(2), (4)(B). "If evidence falls under Rule 414(a), it can be used for any relevant purpose, including propensity to commit the offense and a sexual interest in minors." *United States v. Schave*, 55 F.4th 671, 677 (8th Cir. 2022) (citations omitted). "Evidence of a prior child molestation is relevant if it was 'committed in a manner similar to the charged offense.'" *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (quoting *United States v. Never Misses A Shot*, 781 F.3d 1017, 1027 (8th Cir. 2015)). If the prior offense is relevant, "admissibility hinges on whether the testimony's probative value is substantially outweighed by one or more factors enumerated in Rule 403." *Id.* (quoting *Never Misses A Shot*, 781 F.3d at 1027). The more similar the Rule 414 evidence to the circumstances of the charged crime, the more probative value it provides.

2

*See United States v. Weber*, 987 F.3d 789, 793 (8th Cir. 2021) (noting that "similarities between the Rule 413 and 414 testimony" and evidence of the conducted in the charged case demonstrated the "Rule 413 and 414 testimony had substantial probative value"). "Rule 403 must be applied to allow Rule 414 its intended effect." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997). Limits on testimony and cautionary jury instructions may show that the probative value of the proffered evidence was appropriately balanced against the risk of unfair prejudice. *Emmert*, 825 F.3d at 909.

Here, the 2014 conviction involved conduct very similar to the present case. The 2014 conviction involved Mr. Guevara's possession of images "depicting prepubescent girls engaged in sexually explicit acts (performing oral sex or being penetrated) or posing in a sexual manner with exposed genitals." ECF No. 184 at 5. Mr. Guevara's alleged conduct in this case involves videos and images of prepubescent girls engaging in these same sex acts or posing in a position that exposes their genitals. *See* ECF No. 184 at 8–11 (describing select videos and images allegedly found in Mr. Guevara's possession). Further, to reduce the potential of unfair prejudice, the Government asserts that it intends to introduce only three facts into evidence:

> (1) that Defendant was previously convicted of five counts of possession of child pornography; (2) that the child pornography found in Defendant's possession depicted prepubescent girls either engaging in sex acts or posing in a sexual manner; and (3) that this conviction resulted in Defendant being placed on Intensive Supervised Release with conditions that prohibited the possession of unauthorized phones and internet-capable devices, and permitted Defendant's ISR agent to search Defendant's vehicle, person, and devices.

ECF No. 191 at 2.  Additionally, the Government has proposed a limiting jury instruction to minimize the risk of unfair prejudice.  *See* ECF No. 186 at 21–22.

Mr. Guevara makes several arguments against admission of the 2014 conviction, but none is persuasive.  Mr. Guevara highlights that Rule 414 appears to conflict with Rule 404(b)'s ban on propensity evidence.  ECF No. 183 at 2–4.  Fair enough, but Congress made clear that Rule 414 "supersede[s] in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)."  *LeCompte*, 131 F.3d at 769 (quoting 140 Cong. Rec. 23603 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)).  Rule 404(b) poses no bar to the operation of Rule 414.[1]

Mr. Guevara also asserts several policy-directed arguments including that admission of the 2014 conviction will inevitably result in a guilty verdict, a limiting instruction would be ineffective, and evidence of the prior conviction would "eviscerate[]" Mr. Guevara's due process right to a presumption of innocence.  ECF No. 183 at 4–10.  The Eighth Circuit—and Congress—have at least implicitly rejected these arguments as grounds not to admit evidence under Rule 414.  Rule 414 evinces a "strong legislative judgment that

---

[1] In *Schave*, the Eighth Circuit agreed evidence pertaining to the defendant's previous conviction for possession of child pornography and evidence he had molested children in the past was admissible under Rule 414.  55 F.4th at 677.  However, the court did not think the amount of testimony provided, and the level of detail elicited regarding the defendant's prior conduct, was appropriate.  *Id.* at 679 ("We are troubled by the quantity and level of detail presented to the jury as Rule 414 evidence.").  In *Schave*, four witnesses testified to the Rule 414 evidence, two of whom provided graphic detail of defendant's sexual misconduct.  *Id.* at 678–79.  Here, the Government intends to examine only one witness to admit the Rule 414 evidence, in addition to certified conviction documents.  ECF No. 191 at 2.  Further, the Government proposes to use leading questions to better control what information is extracted from the witness.  *Id.*  For these reasons, this case is distinguishable from *Schave*.

evidence of prior sexual offenses should ordinarily be admissible." *LeCompte*, 131 F.3d at 769. And the Eighth Circuit has endorsed the effectiveness of limiting instructions in determining whether Rule 414 evidence was appropriately admitted. *Schave*, 55 F.4th at 678.

The Government also moves to admit evidence of several conditions of Mr. Guevara's ISR resulting from the 2014 conviction as intrinsic evidence. ECF No. 183 at 14. Mr. Guevara's ISR mandated that he disclose all internet-capable devices within his possession or control, and that they were "subject to search and monitoring." ECF No. 184 at 6. Mr. Guevara was required to "submit to any unannounced visits or searches," and he was authorized to use a flip phone only. *Id.* Mr. Guevara's present charges were prompted by the discovery of child pornography on an unauthorized Apple iPhone allegedly belonging to Mr. Guevara. *Id.* at 6–12. Law enforcement conducted a surprise search for the phone, after receiving a tip that Mr. Guevara was concealing an unauthorized iPhone. *Id.* at 6. The Government asserts background information regarding the conditions of Mr. Guevara's ISR should be admitted as intrinsic evidence to give the jury context as to why a search was warranted based on information that Mr. Guevara possessed an iPhone. ECF No. 185 at 15.

"Intrinsic evidence is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred." *United States v. Guzman*, 926 F.3d 991, 999–1000 (8th Cir. 2019) (cleaned up) (quotation omitted). Intrinsic evidence includes evidence that "merely completes the story or provides context to the charged crime." *Id.* at 1000 (quotation omitted). Further, the evidence does

not need to be "*necessary* to the jury's understanding of the issues to be admissible." *Id.* (quotation omitted). Intrinsic evidence is subject to Rule 403 balancing, but the "[d]istrict courts have 'broad discretion' in admitting intrinsic evidence and [will be] reverse[d] 'only if such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" *Id.* (quoting *United States v. Thomas*, 760 F.3d 879, 883 (8th Cir. 2014)).

As the Government persuasively explains, the circumstances leading up to the discovery of child pornography on Mr. Guevara's iPhone are uncommon in that most people are not limited in their use of internet-capable devices. Thus, the jury would likely question the reason for the restrictions placed on Mr. Guevara, and details of his ISR would fill in important gaps. Further, because the 2014 conviction will be admitted under Rule 414, additional evidence of Mr. Guevara's ISR is unlikely to create additional risk of prejudice. Accordingly, evidence of Mr. Guevara's ISR will be admitted.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. The Government's Motion Number 9 [ECF No. 185 at 14–24] is **GRANTED**; and
2. Defendant's Motion Number 2 [ECF No. 183] is **DENIED**.

Dated:  September 27, 2024
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court